Good morning, Your Honors, and may it please the Court, Scott Burrows appearing on behalf of Appellant and Plaintiff United Fabrics International, Inc. At this time, if I may, I'd like to reserve two minutes for rebuttal. Certainly. I'd like to start out with four words. Those four words are fraud on the Copyright Office. These aren't my words, but these are the words of Judge Kaczynski during oral arguments during the recent Jules Jordan Video, Inc. case. In that case, the Court was faced with the same question it's faced with here. What must be found in order to invalidate a copyright registration? And what Judge Kaczynski found, what Judge Gettlesman wrote in the opinion, is that fraud, you have to have fraud to invalidate a copyright registration. Now, that's the position of the Court. In that case, it's been the position of the Court since Urantia Foundation v. Mahara, and there's no decisions that are contrary to that. Every decision has indicated that fraud on the Copyright Office must be found in order to invalidate the registration. And it's not only the position of the Court, but it's also the position of Judge Nimmer. Judge Nimmer, his treatise has been cited by this Court many times. And his position is, and I'm going to quote from him because he's much more eloquent than I am, that the function of the Courts in evaluating the propriety of the issuance of a certificate is limited to questions of fraud on the Copyright Office. It is not the province of the Courts to construe, for instance, copyright registration regulations in order to conclude that a particular certificate should not have issued. And if it wasn't clear from the Ninth Circuit law and from the leading treatise on this issue, Congress, in enacting the Pro-IP Act in 2008, essentially codified what this Court, what Nimmer, has been saying for decades. That if a court wants to invalidate a copyright registration, it must find that there was a knowing misrepresentation made to the court, and that the misrepresentation that was made was material. The Pro-IP Act even went one step further and said that if a court is going to take the drastic step of invalidating a registration, it has to first confer with the Copyright Office and get Copyright Office input before invalidating a registration. Isn't the issue here whether or not the copyright registration is prima facie evidence of the validity of the copyright and of the facts stated in the copyright? It is, Your Honor. But in order to rebut that prima facie validity, you have to show fraud. And in this case, the plaintiff has the presumption because it has a duly registered work. I don't see that the district court ever got to that issue. Well, the district court didn't because it invalidated the registration on two grounds. And neither of those findings involved a finding of fraud. It found that there was no standing, and we'll get to this in a moment, but it found there was no standing because the transfer of ownership was not valid, and that the registration itself had a technical defect, that the publication of the designs was not indicated properly on the certificate. Now, taking those in reverse order, the finding of invalidity because the registered designs were not published at the same time was clear error because it applied the requirements for the registration of a collection of published works to a certificate that involved unpublished works. And it's two entirely separate sets of requirements. If you're registering a collection of unpublished works, there's no requirement that the designs be published at the same time. And one of the two grounds on which the court invalidated the copyright and dismissed the case was that the designs were not published at the same time. Now, that's a logical impossibility because if you're registering a collection of designs that have not yet been published, it's impossible for them to have been published at the same time. So we would submit that the grounds on which the court dismissed the case on the publishing issue was clear error. It should be reversed. The other issue is the transfer of ownership. And we would submit, and in Jewel Jordan video, Judge Gettlesman writing the opinion, indicated that the defendants in this case would have no standing because they were not a party to the transfer. Unlike other cases where you have a dispute between a transferor and a transferee, in this case, the party challenging this transfer, defendants, they were not a party to it. The transfer was between an Italian art studio and plaintiff appellate. Yes. Under the law, does the issue, who has the burden of proof in demonstrating that there was or was not a transfer? Because the plaintiff appellate had a registration, it would be the defendant that would have that burden. The issuance of a valid registration gives the owner of that registration a presumption that everything in that registration is valid. That's one of the reasons, or that's one of the incentives that the Copyright Act was promulgated to give to authors,  And what about the publication at different times? Who's got the burden of proving that? Again, Your Honor, because of the presumption, the defendant would have that burden. So if I understand what you're saying correctly, the issue is whether or not the district court was correct or not correct in failing to provide you with the prima facie evidence that you say the law requires, rather than requiring your opposition to assume the burden of proof. That's one thing it did, Your Honor. But it also failed to make a finding of fraud. And in my preemption That's the Judge Kaczynski, but we don't have to go that far, do we? We don't even have to go that far. But if we did, if the court, for whatever reason, agreed with the lower court in finding that the validity should not apply, there has to be fraud. Did either lawyer ask for a finding on fraud? In fact, Your Honor, the defense conceded that there was no fraud in the record. That's why the fraud issue is dispositive of this entire appeal. If there's no fraud in the record, and as Judge Kaczynski said during all arguments, where is the fraud? If there's no fraud, you cannot invalidate the contract registration. So what you're saying is the issue identified by Chief Judge Kaczynski didn't appear in this case at all. The only issues were whether or not you can maintain your case based upon the prima facie benefits you secure and who has the burden of proof to come forward with some evidence. That's true, Your Honor. But there's also two additional things that were overlooked in the lower court. It was a little hard for us to go back and do the fraud thing on a district court judge when the parties hadn't raised it. Right. And it would be incumbent upon the defendant to raise that issue or provide some sort of evidence of fraud. And not only did they not do that, but they conceded during oral arguments that there was no evidence of fraud in the record. And we would submit, per Ninth Circuit case law, per Nimmer's treatise, per the Pro-IP Act, without this showing of fraud, you cannot invalidate a copyright registration. And beyond that, because the Pro-IP Act is now in place, the court was required to go to the Copyright Office and seek input from the Copyright Office whether or not the registration at issue would have been invalidated. Now, of course, there was no error because what Judge Sumner did was apply the published requirements to an unpublished collection. So if he would have went to the Copyright Office, the Copyright Office would have said, no, Your Honor, that's incorrect. You cannot invalidate on that ground. And, of course, since there was no fraud, he wouldn't be able to invalidate anyway. And if all of that wasn't enough, in the recent Supreme Court case, Reed Elsevier, the court said that even if the copyright registration is invalidated, that is not going to be a jurisdictional requirement. The court can still maintain and should maintain jurisdiction over a case even if there is no registration. The procedural posture of this case when it was dismissed was a sui sponte dismissal by the lower court. It wasn't on motion by defendant. It was the court looking at the facts and saying, we don't believe there's a valid registration here, so we don't have jurisdiction. The Supreme Court made it very clear that that's not a tenable position at this point. You don't require a valid registration in order to maintain jurisdiction over a case. So there's a tripartite reason for why the lower court's decision was incorrect. They failed to find fraud. They failed, as Judge Walz indicated, to accord plaintiff his presumption of ownership, and they failed to comply with the Pro-IP Act. And even if for whatever reason those grounds were not enough, the plaintiff provided evidence during the summary judgment hearings in the underlying case that indicated that there was a secondary registration for the source artwork that was purchased from this Italian art studio. So even if for whatever reason the first registration failed, we had a second registration for the artwork that was purchased from the Italian art studio. And even if the transfer from the Italian art studio to the plaintiff failed, the artwork at issue was a derivative work. So even without the transfer of ownership from this art studio, Contra Moda, to the plaintiff, the plaintiff would still have ownership rights in this derivative work to the extent it included additional inspiration and creativity. Now, there's a case very similar to the facts at Bar, Farcos out of New York, Southern District of New York, where there wasn't even a written transfer of ownership. In that case, the court said even without a written transfer of ownership, if you create a derivative work from the source artwork that was transferred, you can still proceed with your case. And if the court has no additional questions, I'd like to preserve the remainder of my time. You may do so. We'll hear from Mr. Shaw. Hello, police and court. Scott Shaw, I'm here for Macy's and ARB. Could you keep your voice up, please? Yes, Your Honor, I will. Thank you. That's better. The first issue I'd like to address is the issue regarding whether this was a published or unpublished work. Now, again, we're talking about a purported collective work. I know there's been a lot of discussion in the briefs and in oral argument regarding the alleged subject design. That's not the copyrighted work that's at issue here. It is a purported collection. And at the trial court below, the argument was whether the plaintiff had complied with the single registration work requirements for a published collection. That's clear from the record below. The plaintiff at oral argument, plaintiff's counsel at oral argument, premised the entire argument on that this was a published collection. Actually, it was a published single work and actually admitted that it was not a collection, the plaintiff and the plaintiff's counsel said. But the entire argument was that it was a published work. The plaintiff's own testimony in the record says that this was a published work. The first time the issue that this was deemed to be an unpublished work was now on this appeal. It was on this appeal and the plaintiff's appellate's opening brief was the first time the argument was raised that this was a purported unpublished work. The argument that even if this were an unpublished work, the argument would fail. The requirements for a published collection are the two problems that are in the brief. I won't restate them. The issue for an unpublished work, however, they're much more stringent. The plaintiff didn't address them, but the argument, the elements are, number one, that all the components are assembled in an orderly form. Number two, that the elements bear a single title. Number three, that the copyright claimant and all elements are the same. And number four, that they're all by the same author or they're by different authors. At least one of the authors has contributed copyrightable authorship to each element. Now, the plaintiff's never satisfied any of these problems because they don't exist. Even before we get to those issues, however, the Court needs to look at whether this is actually a collection. The plaintiff testified. Well, United owned a copyright certificate, didn't it? Correct. Right. Well, isn't ownership a presumption then? Isn't it presumed from that fact? Well, that brings us to a good question, Justice Mills. That brings us into the issue of burden that Justice Graber was discussing when my colleague was up here. Now, the presumption under the Copyright Act, under Section 410C, is a rebuttable presumption. The statute itself says that the evidentiary weight accorded to the certificate and the registration shall be within the discretion of the court. Again, the presumption's rebuttable. Entertainment Research Group v. Genesis Creative Group at 122F3-1211 says that in order to rebut this presumption of validity that's afforded in the certificate, the defendant only needs to offer some evidence to dispute the copyright holder's prima facie case. Now, according to Durham Industries v. Tommy Corp. 630F2-905, second circuit case, when the defendant offers some evidence, the burden then shifts to the plaintiff. Did you offer any evidence? Oh, absolutely. As to the validity of the patent? As to the validity of the copyright itself. Right. And again, we're talking about the copyrighted work as a whole, which includes a purported 10 designs that were included in a collection. Now, when asked whether this purported collection, entitled Ethnic Collection X or 10, was a collection, the plaintiff's testimony was no. The record said it was no. It was not a collection. Could you tell me specifically where in the record it shows that you offered evidence that the copyright was invalid? The copyright itself? Yes. The copyright itself. There are five different instances in the record where we can find invalidity of the copyright, which would shift or some evidence to shift the burden to the plaintiff. Number one is the plaintiff would need to comply with the single work registration requirement. Published or unpublished, there are single work registration requirements. What evidence did you present? This is argument. I was asking what evidence you presented. What defendants introduced was testimony from the plaintiff showing that these particular designs included within the purported collection were not published as a true collection. They didn't meet the requirements of the published collection, which was what we discussed about at the trial court level. There's also no evidence that they met the requirements of an unpublished collection. Wait a minute. There was no evidence. Now you're shifting it back to him. First, they have a right to rely on the copyright. Right. It's prima facie evidence of validity. You have the burden of showing evidence that it's invalid. No, I'm just they've just said there's no evidence, and I'm just asking you, if they're wrong, show us in a record where there's evidence that you've demonstrated invalidity of the patent, of the copyright. Well, we've showed with respect to the single work registration requirements, the evidence, aside from the plaintiff's own testimony and his own admissions that defendants rely on, there's evidence that the design, the subject design, that was sold independently and separately was then purportedly copied and printed on garments that my client's defendants allegedly sold. We've shown, we've introduced some evidence that what is purportedly being copied and being distributed and being published and being displayed is this subject design, and it's not a purported collection. How does that meet what we've required you to do, to show the copyright? Now, maybe it's misused, but at this point, at this status, it's required that you show the copyright itself is invalid, not how they used it or misused it. In addition to the single work registration requirements, the copyright itself was a purported collective work composed of different designs that were allegedly transferred. And the copyright certificate itself includes sections that talk about whether it's a transfer, whether it's based on a transfer of ownership. The plaintiff never filled that out. Now, of course, we introduced evidence to show that the transfer was completely invalid and there was no signature. Those documents were produced to us, and we, regardless of where the evidence originated from. But as I understand it, the prima facie benefit is not only the copyright itself, but the facts stated in the copyright. Then the burden shifts to you to prove the wrong. Where are the facts in the record on that? As to ownership? Either as to validity of the copyright or as to any facts stated within the copyright upon which the appellant is relying? As to the validity of the copyright itself, one of the fundamental prongs of proving copyright infringement is showing that the plaintiff owns a valid copyright. That's prong number one. Prong number two is infringement. With respect to prong number one, ownership, which is a fundamental issue, defendants showed and proved that there was no assignment. We introduced evidence that there was no assignment from the owner or a duly authorized agent. And when I say duly authorized agent, I mean someone with authority granted directly from the owner. Do you agree or disagree with opposing counsel's assertion that there is no fraud either claimed or demonstrated? There are defects, to be sure, but defects and fraud are different. Correct. We did not. Opposing counsel is correct that we did not specifically move for a determination that there was fraud. There may be potential fraud, but a standard for proving fraud is higher, and there was not evidence or testimony to support finding fraud. So that's not your theory, and you didn't introduce evidence about it? That's correct. Okay. There may be potential evidence. It's not our theory. I mean, there's certainly – there's a difference, like you said, between a mistake, inaccuracy, and actual fraudulent conduct. There may have been fraud. It was not in theory that we advanced at the trial court. But the interesting – and we haven't spent a whole lot of time or attention on the issue relating to fraud, because the issue is not fraud. We're not talking – the case is discussing fraud, and there's been many of them, and they have culminated in what's now become the revisions to Section 411 for the Pro-IP Act. In those cases, all the steps, inaccuracies and mistakes in a copyright application. Here, we're talking about the validity of the copyrighted work itself, which is a purported collective work. That's what was represented in the Copyright Office. That's not true, whether that was fraudulent or it was simply – according to the plaintiff, it's a – in the Plaintiff's Counsel at Oral argument below, it's a – it's the only way in which a textile company like the plaintiff can survive in a marketplace, given the constraints of the fashion industry and needing to produce designs rapidly, and it would be infeasible to require them to register them all separately, because they're always being published and shown separately. Now, that may be true, but what's required under the Copyright Act under those circumstances is each of those designs would be registered, and they pay the fee to the Copyright Office, and they're registered separately and individually as they're published. Here, that didn't happen. Not only did they register the registration in bulk, there's no indication as to the source of origin of any of the other designs, whether they were assigned, whether they were transferred, whether they're the copyright claimant. We know that there's just no proof of ownership as to any of the other remaining designs. Now, the burden issue with respect to the transfer – when the plaintiff is not the owner, at least here we're talking about the subject design, because there is no evidence as to the other designs. The burden is on the plaintiff, because the plaintiff is not the owner. So the plaintiff is required to prove the chain of title to the alleged subject design. That was confirmed in the case of Mota v. Samuel Weiser, 768 F. 2nd, 481. It was also discussed in the Ninth Circuit case of Valente v. Cripps, their video v. Pickney, 881 F. 2nd, 772, at 775. In that case, the Ninth Circuit found that for purposes of Section 204, even though the purported transferee's attorney signed the agreement, the attorney lacked authorization to memorialize or execute the transfer, unless there was express proof that he had authority to do so. Here we have a purported agent, Sergio Giacomel, who signed a document on behalf of the purported owner, who was Contramoto. Later, we have a document signed by someone named Paolo Balsadari, submitted as an exhibit to counsel's declaration, saying that it's authentic. That's not admissible evidence to establish the chain of title is sufficient to meet plaintiff's burden to prove ownership. The last issue I'll address in my last minute and a half is with respect to the derivative argument. Again, this argument wasn't briefed extensively by defendants in the opposition, in part because it was another argument that was not raised below, of which there are many in the plaintiff's opening brief. A derivative work is one that is considered a new work. It's original in and of itself. Now, the plaintiff cites to the record at 648 and 649 to show that their work was a derivative work, and they also make a novel argument for the very first time that they have some implied license to use the underlying source artwork. Well, we know that the underlying source artwork was not validly transferred to the plaintiff, regardless, because there's no chain of title. Moreover, the status, whether it's a derivative work or not, has never been disclosed. It's never been argued. There's no evidence in the record to suggest this is a derivative work. It's not a derivative work, and I would submit that it's simply a red herring and a last-ditch effort to try to save this case from dismissal. Any other questions? I don't believe so. Thank you. Mr. Burris, you have some rebuttal time remaining. Real briefly, Your Honors. Initially, and I hate to belabor this point, but where is the fraud? Again, we've heard some things about maybe there's a mistake, maybe it wasn't listed as a derivative work, but there's case law all day and all night that says that simple mistakes like that, not listing it as a derivative work, not indicating the true author, it simply doesn't matter. Unless there's fraud, you cannot invalidate the registration. And defendants at oral argument, and I can point the court to evidentiary record 118, page 24, line 8, they concede there's no fraud in the record. And going back to the treaty section we discussed earlier, where Nimmer indicates, the entirety of the court's inquiry should be, is there or is there not fraud? He actually carves out this exact exception. He says one thing the court shouldn't do is look at a group registration and try to parse the corporate office regulations and see whether or not that group registration was lawfully issued. Nimmer expressly indicates that that would be an improper thing to do. And that's precisely what the appellees are asking the court to do today. And to clarify, there is no indication anywhere that this registration was for a recorded collection. Under 37 CFR 202.3b.4.1b, you can register a collection of works as a single unit as long as they are all unpublished at the time of registration. And if they are all unpublished at the time of registration, there's no requirement that they be published together. There's no requirement other than the claimant is the same, and in this case it is, it's United Fabrics, and that they were unpublished at the time of registration. So any discussion of the fact that they weren't published at the same time is a complete red herring. That's the mistake that the lower court made in applying the requirements for a published work to this registration, which is for an unpublished work. And how do we know it was for an unpublished work? Because the copyright registration itself indicates this is an unpublished work. So to the extent that there's any other miasma of argument out there regarding what is or what isn't being claimed by the plaintiff, the copyright registration itself indicates that this is for an unpublished work. And going back to the transfer of ownership and how it should, for whatever reason, not be found to be sufficient because the transfer of ownership is only between the studio and our client, I would again indicate that in effects v. Cohen, this court indicated that all that is necessary is a one-line statement transferring ownership. Here we have a five-page document signed by the owner of the art studio and our client that clearly indicates that all copyrights and intellectual property interests in this particular design are being transferred. And as discussed earlier under the Farkas case, even without a transfer of ownership, even with no writing whatsoever, we would still be able to claim rights in this work to the extent it's a derivative work. And the cases cited by my opposing counsel during his argument were all pro-IP Act, which is important because in 2008 when Congress passed the pro-IP Act, they were taking a very certain position. And that position is if an artist goes through the time and trouble to register a copyright, he should get that presumption of validity. And that validity cannot be challenged unless there's a strong showing of fraud or if there's a material mistake that was knowingly made by the applicant. And the mistake would have been such, it would be so material, that that mistake would have required the Copyright Office to invalidate the registration. So we would submit that all this talk about presumption of validity and transfer of ownership, the court should not even go that far. As is indicated in the Nimmer Treatise, the court's sole role in parsing these registrations is to find out if there's fraud. It's to make an investigative query as to whether or not the applicant defrauded the Copyright Office. And as I've said a few times now, there's absolutely no evidence, and it's been conceded by defendants, that no fraud exists. So what we'd ask the court to do in this instance, because there's actually a related case where we brought a claim based on the same design all the way through trial, the same arguments that were accepted in this case were actually rejected, and a large jury verdict was returned for the plaintiff. We would ask for a directive that if a copyright registration is going to be invalidated, there must be evidence of fraud. That's what the law of the circuit is as recently as August 16th, which is when the Jules Jordan case that I keep referring to was decided. That's what the Pro-IP Act indicates, and that's what the treaties all indicate. Thank you, Counsel. Thank you. The case just argued is submitted, and we will stand adjourned for this morning's session.
judges: Mills, Wallace, Graber